IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TC HULETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00428-DGK |
| | ) |
| SUPERIOR BOWEN | ) |
| CONSTRUCTION et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This case arises from Plaintiff TC Hulett's employment dispute with an asphalt paving company and his supervisor. Plaintiff alleges Superior Bowen Construction and Mike Coleman (collectively, "Defendants") subjected him to racially motivated discrimination, hostility, and retaliation in violation of the Missouri Human Rights Act ("MHRA") and Title VII of the Civil Rights Act of 1964.

Now before the Court is Defendants' motion to dismiss Plaintiff's second amended complaint. ECF No. 38. For the following reasons, the motion is DENIED.

### Background

Plaintiff filed this employment dispute pro se on June 10, 2022, in the Eastern District of Missouri. In doing so, Plaintiff completed the Eastern District's employment discrimination complaint form which does not explicitly include the MHRA as a cause of action. *See* Compl. at 1–2, ECF No. 1. Although Plaintiff only checked Title VII, the complaint indicated he filed his charge of discrimination with both the Missouri Commission on Human Rights ("MHRC") and the Equal Employment Opportunity Commission ("EEOC"), *see id.* at 3, and he attached both the MHRC and EEOC right to sue letters, *see* ECF Nos. 1-3, 1-4.

On July 5, 2022, Plaintiff's case was transferred from the Eastern District to this Court. On August 24, 2022, the Court denied Plaintiff's request to appoint counsel finding the case was not legally or factually complex but granted his motion to proceed *in forma pauperis*. ECF No. 7.

Thereafter, numerous filings occurred, but the Court ultimately granted Plaintiff leave to amend his complaint by November 4, 2022, and, in light of the forthcoming amendment, denied his motion to revise the summons as moot. ECF No. 13. On November 4, 2022, Plaintiff filed a document titled "Rule 15(a) of the Federal Rules of Civil Procedure Amended Complaint" which included factual allegations, claims for relief, and Defendants' address. ECF No. 15.

On March 20, 2023, Plaintiff filed a motion asking why his "case [was] getting neglected" and renewed his request for counsel. ECF No. 24. On September 5, 2023, the Court appointed Plaintiff counsel finding that although he demonstrated diligence in attempting to meet deadlines and amend his complaint, he was unable to adequately prosecute this matter pro se. ECF No. 25. On October 26, 2023, the Court granted Plaintiff leave to file a second amended complaint, which was filed that same day by counsel. ECF Nos. 28, 29. Twenty-four days later, Defendants were served with Plaintiff's second amended complaint. ECF Nos. 30, 31.

Defendants now move to dismiss Plaintiff's second amended complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(6).

**Standard**

Federal Rule of Civil Procedure 4(m) requires dismissal of an action where "a defendant is not served within 90 days after the complaint is filed." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if a complaint fails "to state a claim upon which relief can be granted." To avoid dismissal, a complaint must include "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court construes Plaintiff's complaint liberally and draws all reasonable inferences from the facts in Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Discussion**

Defendants argue Plaintiff's second amended complaint should be dismissed in its entirety under Rule 4(m) for untimely service, or alternatively, Plaintiff's MHRA claim should be dismissed under Rule 12(b)(6) because it was raised after the deadlines specified in the MHRA. Both arguments are unpersuasive.

I. **Plaintiff established good cause under Rule 4(m).**

Defendants argue this case should be dismissed because Plaintiff cannot show good cause for failing to meet Rule 4(m)'s ninety-day service deadline. Defendants' argument is unpersuasive.

As an initial matter the deadline for service under Rule 4(m) was necessarily extended when the Court granted Plaintiff's motions for appointment of counsel and leave to file the second amended complaint. It would have been an exercise in futility had the Court granted those motions without extending Rule 4(m)'s deadline for service. And it is undisputed Defendants were served with Plaintiff's second amended complaint twenty-four days after it was filed.

Further, Plaintiff meets Rule 4(m)'s good cause standard for extending the deadline for service. Although not defined in the federal rules, the Eighth Circuit generally finds good cause exists where:

> [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances,

3

or [4] the plaintiff is proceeding pro se or *in forma pauperis*.

*Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (citation omitted, brackets in original). Whether this standard has been met is a case specific inquiry, and even "[i]f plaintiff fails to show good cause, the court still *may* extend the time for service" if Plaintiff demonstrates "excusable neglect." *Id.* (citations omitted).

Here, Plaintiff not only proceeded pro se and *in forma pauperis* but also acted diligently in attempting to meet deadlines and amend his complaint. *See* ECF No. 25 at 2 (finding "Plaintiff has diligently attempted to amend the complaint, meet deadlines, and even find counsel"). Further, there are "understandable mitigating circumstances," because the record indicates Plaintiff was experiencing health challenges, homelessness, and suicidal ideation at the same time he was attempting to meet the Court's deadlines. *See Kurka*, 628 F.3d at 957; ECF No. 14. But even if, assuming arguendo, this does not establish good cause, it demonstrates excusable neglect. *See Kurka*, 628 F.3d at 957.[1] Accordingly, given "the judicial preference for adjudication on the merits," *see id.* at 959, the Court extends Rule 4(m)'s deadline and finds Plaintiff's service was timely.

## II.     Plaintiff timely filed his MHRA claim.

Defendants argue Plaintiff's claim under the MHRA should be dismissed because it was not filed within the MHRA's ninety-day deadline or two-year statute of limitations. That is,

---

[1] Defendants argue neither standard is met because "Plaintiff is an experienced litigator who has been informed of his duty to comply with the FRCP and court orders and deadlines, including being informed of and experiencing the very consequences of the failure to timely serve a defendant." Reply Suggestions at 2, ECF No. 42. In support, Defendants cite other cases filed by Plaintiff during the same period where he missed deadlines and failed to comply with court orders. *See id.* at 2 (citing *Hulett v. Johnson Cnty. Sheriff's Off.*, No. 22-4065-DDC (D. Kan. Nov. 23, 2022) and *Hulett v. Concrete Strategies*, No. 22-CV-1270 PLC (E.D. Mo. Nov. 29, 2022)); *see also id.* at 7 (arguing "Plaintiff has acted in bad faith, [and] misle[d] not only this court but multiple others"). But in appointing counsel, the Court acknowledged Plaintiff "has been unable to adequately prosecute this matter" and does not understand "the intricacies and procedures of litigation generally." ECF No. 25 at 2. The fact that Plaintiff had similar challenges in other cases is neither surprising nor dispositive to the issue presented here.

Defendants claim Plaintiff's MHRA claim was raised for the first time in his second amended complaint. Defendants' argument is unavailing.

The MHRA requires a claim "be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred." Mo. Rev. Stat. § 213.111.1. With regard to pro se litigants, "pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up). This requires the Court to consider "the essence of an allegation . . . in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* (citation omitted).

Plaintiff's initial pro se complaint, filed on the Eastern District's employment discrimination complaint form, sufficiently identifies his MHRA claim. Although Plaintiff was unable to check a box specifically identifying the MHRA as a cause of action, Plaintiff states he filed his claim with the MHRC and attached the MHRC right to sue letter. Plaintiff's allegations articulate a claim that is actionable under the MHRA. The complaint was filed within ninety-days of receiving his right to sue letter from the MHRC. Taken together, Plaintiff filed his MHRA claim within the prescribed deadlines.

## Conclusion

For the forgoing reasons, the Defendants' motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Date: <u>  March 12, 2024  </u>      /s/ Greg Kays
                                                           GREG KAYS, JUDGE
                                                           UNITED STATES DISTRICT COURT