# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TC HULETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00428-DGK |
| | ) |
| SUPERIOR BOWEN CONSTRUCTION | ) |
| and MIKE COLEMAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING SUMMARY JUDGMENT

This case arises from Plaintiff TC Hulett's employment dispute with an asphalt paving company and his supervisor. Plaintiff alleges Superior Bowen Construction and Mike Coleman subjected him to racially motivated discrimination, hostility, and retaliation in violation of the Missouri Human Rights Act and Title VII of the Civil Rights Act.

Now before the Court is Defendants' motion for summary judgment. ECF No. 129. The motion is GRANTED.

**Standard**

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). To survive summary judgment, the nonmoving party must substantiate its allegations with "sufficient probative evidence that would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Procedural Background

Defendants filed their motion for summary judgment on March 28, 2025, making Plaintiff's deadline to respond April 18, 2025. Plaintiff failed to respond by that date.

On April 25, 2025, the Court extended Plaintiff's time to respond to Defendants' motion for summary judgment to May 9, 2025. ECF No. 131. In that Order, the Court warned that Plaintiff's failure to file a response by that deadline would "result in the Court summarily granting Defendant's motion." *Id.* (citing L.R. 56.1(b)(1) and *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)).

On May 14, 2025—six days after his deadline to respond—Plaintiff filed a response.[1] ECF No. 132. Plaintiff did not seek leave to file his response out of time, and his response does not address Defendants' statement of facts or any of the legal arguments raised.

## Discussion

Plaintiff is proceeding pro se.[2] Although the Court must liberally construe his pleadings, Plaintiff must still follow the Local Rules and Federal Rules of Civil Procedure. *See Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2022). He has failed to do so here.

First, Plaintiff did not seek leave to file his response out of time, and nothing in his response can be construed as establishing excusable neglect. *See* Fed. R. Civ. P. 6(b)(B).

Second, Plaintiff's opposition does not address, let alone attempt to controvert, Defendants' statement of facts. Thus, all of Defendants' facts are deemed admitted for purposes

---

[1] Much of Plaintiff's response is a prayer. Sandwiched in the middle, however, Plaintiff demands a trial by jury, reiterates allegations from his complaint, and claims that he has showed evidence of Defendants' unlawful conduct. No other materials are included in Plaintiff's filing.

[2] The Court appointed Plaintiff counsel in September of 2023, ECF No. 25, but after an irreparable conflict arose regarding how to prosecute this matter, Plaintiff and his appointed counsel parted ways, ECF Nos. 122, 123. In light of this, the Court stayed this case, including the summary judgment deadline, for thirty days to allow Plaintiff to obtain new counsel. ECF No. 124. Plaintiff never obtained new counsel.

of summary judgment. *See* L.R. 56.1(b)(1).

Third, Plaintiff contends that he has "SHOWED EVIDENCE TO DEFENDANTS UNLAWFUL EMPLOYMENT PRACTICES THAT HAVE OCCURRED DURING HIS EMPLOYMENT." Resp. at 4, ECF No. 132 (bold omitted). However, Plaintiff does not support these assertions with probative evidence or cite to any material in the record. Unsupported and speculative assertions are insufficient, *Mann*, 497 F.3d at 825, and Plaintiff cannot rely on unsupported allegations in his complaint to defeat summary judgment, *see Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

Fourth, Plaintiff's does not respond to any of the legal arguments raised by Defendants. In doing so, Plaintiff has conceded those arguments to his detriment. *See Satcher*, 558 F.3d at 735 (noting that "failure to oppose a basis for summary judgment constitutes waiver of that argument").

Accordingly, and consistent with the Court's prior admonition, because Plaintiff failed to respond to Defendants' motion for summary judgement—both within the time permitted and in substance—the Court summarily grants Defendants' motion.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date:   June 4, 2025                              /s/ Greg Kays
                                                                                                    GREG KAYS, JUDGE
                                                                                                    UNITED STATES DISTRICT COURT