IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TC HULETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00428-DGK |
| | ) | |
| SUPERIOR BOWEN CONSTRUCTION | ) | |
| and MIKE COLEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTIONS**

This case arises from Plaintiff TC Hulett's employment dispute with an asphalt paving company and his supervisor. Plaintiff alleges Superior Bowen Construction and Mike Coleman subjected him to racially motivated discrimination, hostility, and retaliation in violation of the Missouri Human Rights Act and Title VII of the Civil Rights Act.

On June 4, 2025, the Court granted Defendants' motion for summary judgment. ECF No. 136. On June 6, 2025, the Court entered a Clerk's Judgment in Defendants' favor. ECF No. 137.

On June 10, 2025, Plaintiff filed a forty-one page document which the docket charitably describes as a "Pro Se Motion for Relief from Judgment." ECF No. 138. On July 4, 2025, Plaintiff filed a notice of appeal seeking to appeal a "final judgment" or "an order" entered on "the 4th day of June, 2025." ECF No. 142.

On July 18, 2025, Plaintiff filed a motion to stay proceedings. ECF No. 146. In response, on August 15, 2025, Defendants filed a motion, ECF No. 147, to strike the motion for stay and a notice of filing of deposition testimony. On September 12, 2025, Plaintiff filed what he has titled an "Emergency Petition for Appointment of Counsel Due to Constitutional Emergency" based on his conditions of confinement in a Kansas jail. (His incarceration has nothing to do with this civil

case.) ECF No. 152. Finally, on September 17, 2025, Plaintiff filed a "Petition for Sanctions and Vacatur Due to Spoliation of Evidence and Fraud on the Court." ECF No. 153.

An Eighth Circuit employee recently contacted the Court and asked it to rule on "the pending motions." Assuming the Court retains jurisdiction to rule on some or all of these motions, they are DENIED.

The Court denies the "Pro Se Motion for Relief from Judgment" because Plaintiff has not demonstrated he is entitled to relief under any of the reasons established in Rule 60(b).

The Court denies the motion to stay because Plaintiff's has not established that a stay is appropriate. Plaintiff's arguments here go to whether this case was wrongly decided, and it was not.

Defendants' motion to strike is denied as moot.

Plaintiff's emergency motion to appoint counsel is denied because the Court previously appointed Plaintiff a highly qualified attorney whom Plaintiff constructively fired. Given Plaintiff's behavior, appointing another attorney would serve no useful purpose.

Finally, Plaintiff's petition is denied because Plaintiff has not demonstrated there has been any spoilation or a fraud on the Court, much less spoilation or fraud rising to a level which would lead the Court to vacate its summary judgment order.

**IT IS SO ORDERED.**

Date:  September 18, 2025   　　　　　 /s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE  
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT